Dear Mr. Reeves,
You have requested an opinion of this office regarding Act 36 of 1995, which amended and reenacted LSA-R.S. 33:2719 relative to contracts for compliance auditing entered into by political subdivisions in connection with the collection of sales and use taxes. In that regard, you have attached a contract (the contract) entered into by Winn Parish for tax auditing services to be provided to the Parish and City School Boards by Revenue Recovery Group, Inc., (RRG) which provides for fees to be earned on a per diem basis at an hourly rate, and not to exceed 50% of the taxes, penalties, and/or interest collected.
In 1983, LSA-R.S. 33:2719 was enacted to prohibit such contracts from containing a rate of payment that would be contingent upon collection, but allowing that the payment itself may be contingent upon successful collection. More recently, Act 36, which became effective August 15, 1995, clearly purports to cap the amount of fees payable in such contingency payment contracts to "Thirty percent of taxes collected." You have asked this office to examine what effect this act has upon the contract.
The Contracts Clause of the United States Constitution, Article I, § 10[1], and of the Louisiana Constitution, Article I, § 23, prohibit the enactment of a law impairing the obligation of contracts. Enclosed herewith are Attorney General Opinions Number 94-243 and 93-583-A, which set forth the analysis which should be undertaken in order to determine whether an amendment such as Act 36, as applied to the contract, would violate the contract clauses of the federal and state constitutions.
It appears from a reading of the contract that the parties intended to cap the fees at 50% rather than 30% as provided by Act 36. This conclusion is bolstered by the adoption of an addendum to the contract dated July 10, 1995, which is intended to extend the term of the agreement, and thus, avoid the effect of Act 36. We also note that the contract does not require that the School Board assign audits to RRG. Thus, the Board may refuse such assignments unless RRG agrees to negotiate a new agreement under the conditions of Act 36 and the 30% cap therein.
Although we are not finders of fact, it appears to this office that the parties to the contract intended that the compensation payable would be limited by the statute as written at the time which limited the amount payable to that earned on an hourly, per diem, or salary basis. It appears that the language, "This compensation shall not exceed the amounts permitted by law, and it is agreed that the per diem rate of compensation for the personnel of RRG is $75.00 to $200.00 per hour, depending upon expertise, plus reimbursement for any and all reasonable expenses," is intended to clarify the first sentence of paragraph four which appears to authorize a pure 50% contingency fee (which, on its face, is prohibited by the statute). When these sentences are read together, the meaning seems clear: the compensation may not exceed the amount earned by the hour.
In response to you specific question, it is the opinion of this office that Act 36 does not alter the terms of the contract. The provisions of Act 36 cannot be applied retroactively to impair contracts. We note, however, that the intention of the parties at the time they entered into the contract is controlling. If this opinion does not comport with the intention of the Winn Parish School Board, we urge that you seek judicial guidance as to the effect of Act 36 on the contract.
We trust the foregoing to be of some assistance to you. Should you need any further information, do not hesitate to contact this office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
RPI:ams